## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON HILL | : | CIVIL ACTION |
| 4385 Wismer Road | : | |
| Doylestown, PA 18902 | : | NO. |
| and | : | |
| ELSA HILL | : | JURY TRIAL DEMANDED |
| 4385 Wismer Road | : | |
| Doylestown, PA 18902 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| THE BOROUGH OF DOYLESTOWN | : | |
| Borough Hall | : | |
| 57 West Court Street | : | |
| Doylestown, PA 18901 | : | |
| and | : | |
| THE CENTRAL BUCKS REGIONAL | : | |
| POLICE DEPARTMENT, formally known | : | |
| as, THE DOYLESTOWN BOROUGH | : | |
| POLICE DEPARTMENT | : | |
| Borough Hall | : | |
| 57 West Court Street | : | |
| Doylestown, PA 18901 | : | |
| and | : | |
| JAMES DONNELLY, CHIEF OF POLICE, | : | |
| OF THE DOYLESTOWN BOROUGH | : | |
| POLICE DEPARTMENT, | : | |
| INDIVIDUALLY AND IN HIS | : | |
| OFFICIAL CAPACITY | : | |
| Borough Hall | : | |
| 57 West Court Street | : | |
| Doylestown, PA 18901 | : | |
| and | : | |
| PLUMSTEAD TOWNSHIP | : | |
| 5186 Stump Road | : | |
| Plumsteadville, PA 18949 | : | |
| and | : | |
| PLUMSTEAD TOWNSHIP POLICE | : | |
| DEPARTMENT | : | |
| 5186 Stump Road | : | |

Plumsteadville, PA 18949                          :
  and                                   :
DUANE HASENAUER, CHIEF OF                         :
POLICE OF THE PLUMSTEAD                           :
TOWNSHIP POLICE DEPARTMENT,                       :
INDIVIDUALLY AND IN HIS                           :
OFFICIAL CAPACITY                                 :
c/o The Plumstead Township Police Dept.           :
5186 Stump Road                                   :
Plumsteadville, PA 18949                          :
  and                                   :
SERGEANT PAUL KREUTER,                            :
INDIVIDUALLY AND IN HIS                           :
OFFICIAL CAPACITY                                 :
c/o The Central Bucks Regional Police             :
Department                                        :
Borough Hall                                      :
57 West Court Street                              :
Doylestown, PA 18901                              :
  and                                   :
OFFICER HOTHAM,                                   :
INDIVIDUALLY AND IN HIS                           :
OFFICIAL CAPACITY                                 :
c/o The Central Bucks Regional Police             :
Department                                        :
Borough Hall                                      :
57 West Court Street                              :
Doylestown, PA 18901                              :
  and                                   :
JOHN DOE-1                                        :
c/o The Central Bucks Regional Police             :
Department                                        :
Borough Hall                                      :
57 West Court Street                              :
Doylestown, PA 18901                              :
  and                                   :
JOHN DOE-2                                        :
c/o The Central Bucks Regional Police             :
Department                                        :
Borough Hall                                      :
57 West Court Street                              :
Doylestown, PA 18901                              :
  and                                   :
JOHN DOE-3                                        :
c/o The Central Bucks Regional Police             :
Department                                        :

Borough Hall                              :
57 West Court Street                      :
Doylestown, PA 18901                      :
         and                              :
JOHN DOE-4                                :
c/o Plumstead Township Police Dept.       :
5186 Stump Road                           :
Plumsteadville, PA 18949                  :
Philadelphia, PA 19106                    :
         and                              :
JOHN DOE-5                                :
c/o Plumstead Township Police Dept.       :
5186 Stump Road                           :
Plumsteadville, PA 18949                  :
         and                              :
JOHN DOE-6                                :
c/o Plumstead Township Police Dept.       :
5186 Stump Road                           :
Plumsteadville, PA 18949                  :
                                          :
         Defendants.                      :
                                          :

## CIVIL ACTION COMPLAINT

## NATURE OF THE COMPLAINT

1.      This is an action seeking to redress wrongs committed against Plaintiff in

violation of the rights guaranteed to him by the Fourth and Fourteenth Amendments of the

United States Constitution, and are actionable against such Defendants pursuant to the Civil

Rights Act of 1871, as amended, 42 U.S.C. Section 1983, as well as pursuant to the Pennsylvania

Constitution and other state laws.  The actions taken against Plaintiff have resulted in severe

physical and emotional injury, monetary damage, and severe distress, causing, but not limited to,

humiliation, anxiety and other physical ailments and emotional damages.  Defendants' conduct is

so egregious and outrageous and intentional, that Plaintiff seeks punitive damages.

## JURISDICTION

2.      This Court retains jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331,

1343, and also retains supplemental jurisdiction over state law claims pursuant to 28 U.S.C. Sec.

1367.

## PARTIES

3.    Plaintiff, Jason Hill, is an individual residing at 4385 Wismer Road, Doylestown,

PA 18902.

4.    Plaintiff, Elsa Hill, is an individual residing at 4385 Wismer Road, Doylestown,

PA 18902.

5.    Defendant, the Borough of Doylestown, is a Municipal Corporation, organized and

existing under the laws of the Commonwealth of Pennsylvania, whose address for the purpose of

service is Borough Hall, 57 West Court Street, Doylestown, PA 18901. At all times material

hereto, Defendant Borough of Doylestown owns, operates and controls the Central Bucks

Regional Police Department, formally known as the Borough of Doylestown Police Department

6.    Defendant Central Bucks Regional Police Department, formally known as the

Borough of Doylestown Police Department, herein referred to as "Defendant Borough of

Doylestown Police Department", is a municipal police organization, organized and existing under

the laws of the Commonwealth of Pennsylvania, whose address for the purpose of service is

Borough Hall, 57 West Court Street, Doylestown, PA 18901.

7.    Defendant James Donnelly, Chief of Police of the Doylestown Borough Police

Department, herein referred to as "Defendant Donnelly", individually and in his official capacity,

was in the employment of Defendant Borough of Doylestown and Defendant Borough of

Doylestown Police Department, at all times material hereto.

8.    Defendant, Plumstead Township, is a Municipal Corporation, organized and

existing under the laws of the Commonwealth of Pennsylvania, whose address for the purpose of

service is 5186 Stump Road, Plumsteadville, PA 18949. At all times material hereto, Defendant Plumstead Township owns, operates and controls the Plumstead Township Police Department.

9.      Defendant the Plumstead Township Police Department, is a municipal police organization, organized and existing under the laws of the Commonwealth of Pennsylvania, whose address for the purpose of service is 5186 Stump Road, Plumsteadville, PA 18949.

10.      Defendant Duane Hasenauer, Chief of Police of the Plumstead Township Police Department, herein referred to as "Defendant Hasenauer", individually and in his official capacity, was in the employment of Defendant Plumstead Township and Defendant Plumstead Township Police Department at all times material hereto.

11.      Defendant Sergeant Paul Kreuter, individually and in his official capacity, herein referred to as "Sergeant Kreuter", was a Doylestown Borough Police Officer, who at all times material hereto was in the employment of Defendant Borough of Doylestown and Defendant Borough of Doylestown Police Department.

12.      Defendant Officer Hotham, individually and in his official capacity, herein referred to as "Officer Hotham", was a Doylestown Borough Police Officer, who at all times material hereto was in the employment of Defendant Borough of Doylestown and  Defendant Borough of Doylestown Police Department.

13.      Defendant John Doe-1, individually and in his official capacity, was a Doylestown Borough Police Officer, who at all times material hereto was in the employment of Defendant Borough of Doylestown and  Defendant Borough of Doylestown Police Department.

14.      Defendant John Doe-2, individually and in his official capacity, was a Doylestown Borough Police Officer, who at all times material hereto was in the employment of Defendant Borough of Doylestown and Defendant Borough of Doylestown Police Department.

15.     Defendant John Doe-3, individually and in his official capacity, was a Doylestown Borough Police Officer, who at all times material hereto was in the employment of Defendant Borough of Doylestown and  Defendant Borough of Doylestown Police Department.

16.     Defendants John Doe-1, John Doe-2, and John Doe-3,  are collectively referred to herein as "Defendant Borough of Doylestown John Does".

17.     Defendant John Doe-4, individually and in his official capacity, was/is a Plumstead Township Police Department Police Officer, who at all times material hereto was in the employment of Defendant Plumstead Township and Defendant Plumstead Township Police Department.

18.     Defendant John Doe-5, individually and in his official capacity, was/is a Plumstead Township Police Department Police Officer, who at all times material hereto was in the employment of Defendant Plumstead Township and Defendant Plumstead Township Police Department.

19.     Defendant John Doe-6, individually and in his official capacity, was/is a Plumstead Township Police Department Police Officer, who at all times material hereto was in the employment of Defendant Plumstead Township and Defendant Plumstead Township Police Department.

20.     Defendants John Doe-4, John Doe-5, and John Doe-6,  are collectively referred to herein as "Defendant Plumstead Township John Does".

21.     At all times material hereto Defendants Borough of Doylestown, Defendant Borough of Doylestown Police Department, and Defendant Donnelly acted by and through their duty authorized agents, servants, workmen, contractors, officers and/or employees, who were acting within the course and scope of their employment and authority, at the direction of

Defendants Borough of Doylestown, Borough of Doylestown Police Department, and Defendant Donnelly, and at all times material hereto were acting in concert with all other Defendants.

22.     At all times material hereto Defendant Plumstead Township, Defendant Plumstead Township Police Department, and Defendant Hasenauer acted by and through their duty authorized agents, servants, workmen, contractors, officers and/or employees, who were acting within the course and scope of their employment and authority, at the direction of Defendant Plumstead Township, Defendant Plumstead Township Police Department, and Defendant Hasenauer, and at all times material hereto were acting in concert with all other Defendants.

23.     At all times material hereto, Defendant Donnelly, Defendant Hasenauer, Defendant Sergeant Kreuter, Defendant Officer Hotham, Defendant Borough of Doylestown John Does, and Defendant Plumstead Township John Does were individuals pursuant to 42 U.S.C. Section 1983, 42 U.S.C. Section 1985, and 42 U.S.C. Section 1986, and acted in their individual and/or official capacity.

24.     At all times material and relevant hereto, all Defendants acted in concert and conspiracy with each other to unlawfully, and without probable cause, improperly and/or falsely arrest, assault and batter, search, imprison, inflict emotional distress, inflict cruel and unusual punishment, conspire to falsely accuse, obstruct justice, invade the privacy of Plaintiff, and otherwise deprive Plaintiff of rights guaranteed by the laws and Constitution of the Commonwealth of Pennsylvania and the U.S. Constitution while acting within the course and scope of their agency, servitude and/or employment.

25.     At all times material hereto, all Defendants were acting under the color of state law.

## FACTUAL ALLEGATIONS

26.     On or around May 28, 2012, Defendants Borough of Doylestown, Borough of Doylestown Police Department, and Defendant Donnelly, by and through Defendant Sergeant Kreuter, Defendant Officer Hotham, and Defendant Borough of Doylestown John Does, unlawfully and without probable cause, caused Plaintiff to be severely injured and falsely taken into police custody, through the illegal,  unauthorized and unnecessary application of excessive and/or deadly force.

27.     On or around May 28, 2012, Defendants Plumstead Township, Plumstead Township Police Department, and Defendant Hasenauer, by and through Defendant Plumstead Township John Does, unlawfully and without probable cause, caused Plaintiff to be severely injured and falsely taken into police custody, through the illegal, unauthorized and unnecessary application of excessive and/or deadly force.

28.     Specifically, on or around May 28, 2012, Plaintiff was lawfully upon the premises of the Farmhouse Tavern, located at 380 North Main Street, Doylestown, PA 18901, when Defendant Sergeant Kreuter, Defendant Officer Hotham and/or one or more Defendant Borough of Doylestown John Does, despite the lack of exigent circumstances or any other justification for their actions, drew their tasers, threatening Plaintiff with serious bodily injury, and intentionally and maliciously attacked and shot Plaintiff multiple times with a taser/stun gun while Plaintiff stood defenseless.  These egregious and unlawful actions forced Plaintiff to fall to the ground, at which point  Defendant Sergeant Kreuter, Defendant Officer Hotham and/or one or more Defendant Borough of Doylestown John Does handcuffed Plaintiff, and then dragged him outside into the parking lot of the Farmhouse Tavern.  Then, Defendant Sergeant Kreuter, Defendant Officer Hotham, and/or one or more Defendant Borough of Doylestown John Does, and/or one or

more of the Defendant Plumstead Township John Does, began to viciously strike Plaintiff with

their hands and feet, while Plaintiff was restrained on the ground.  Plaintiff was then falsely taken

into police custody by Defendant Sergeant Kreuter, Defendant Officer Hotham and/or one or more

Defendant Borough of Doylestown John Does, unlawfully and without probable cause.

29.     As a result of the aforesaid actions of All Defendants, Plaintiff Jason Hill has

suffered injuries which are serious and may be permanent in nature, including but not limited to:

head and neck trauma with concussion and post-concussion syndrome, right carpal tunnel

syndrome, cervical sprain,, puncture wounds to his back and abdomen resulting in scarring,

tremendous pain from electrocution, and severe, pervasive psychological injuries including

exacerbation of underlying anxiety, sleeplessness, nightmares, night terrors, paranoia, and

emotional distress, all or some of which may be known or may still be discovered and all or some

of which are or may be permanent in nature.

30.     All Defendants, had in place, and/or should have had in place, policies regarding the

following, but not limited to the following:

    a.     the preclusion of utilizing excessive force;

    b.     the preclusion of inappropriate use of tasers and/or stun-guns;

    c.     the reporting and documentation requirements regarding the use of excessive force;

    d.     the reporting and documentation requirements regarding the use of tasers and/or
        stun-guns;

    e.     the requirement to not cover-up or attempt to hide and/or seclude the fact that
        excessive force was used upon an individual;

    f.     the requirement to not cover-up or attempt to hide and/or seclude the fact that a
        taser or stun-gun was used upon an individual;

g.      the requirement of all persons, contractors, agents, servants, workmen and employees including but not limited to the employees, agents, servants and workmen of contractors of Defendants , who participate in the apprehension and arrest of individuals, to follow the policies of the Borough of Doylestown and the Borough of Doylestown Police Department; or the policies of Plumstead Township and the Plumstead Township Police Department.

H.      the requirement of all persons, contractors, agents, servants, workmen and employees including but not limited to the employees, agents, servants and workmen of contractors of Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Plumstead Township, and the Plumstead Township Police Department , who participate in the apprehension and arrest of individuals, to be trained with regard to the policies of the Borough of Doylestown and the Borough of Doylestown Police Department; or the policies of Plumstead Township and the Plumstead Township Police Department.

i.      training on policies, practices and procedures of each of the categories listed *supra.*

31.      As a result of contract, agreement, policy and/or practice, all agents, servants, employees, workmen and or contractors of Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer,  including but not limited to Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, are required to follow, administer, engage, practice and/or enforce the policies of the Borough of Doylestown and the Borough of Doylestown Police Department; or the policies of Plumstead Township and the Plumstead Township Police Department, including but not limited to

the above-described policies, giving such policies full force and effect.

32.     In furtherance of the violation of Plaintiff's civil rights, All Defendants, by and through Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, individually and acting in concert with each other, maintained a policy and practice of ignoring, disregarding and/or violating, intentionally and/or negligently and/or with deliberate indifference for the rights of Plaintiff, the policies in place for the protection of persons being investigated and/or pursued and/or arrested and/or detained and/or those similarly situated to Plaintiff, which resulted in harm to Plaintiff.

33.     All Defendants, by and through Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, individually and/or in concert with each other and in deliberate indifference to the rights of Plaintiff, maintained a policy and practice of  failing to inform and/or train their employees, agents, workmen, servants and/or contractors of these policies which were in place for the protection of the rights of plaintiff and persons similarly situated to Plaintiff.

34.     All Defendants, by and through Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, individually and/or in concert with each other and in deliberate indifference to the rights of Plaintiff, maintained a policy and/or practice of  failing to enforce the execution of these policies, intentionally and/or negligently and with deliberate indifference to the rights of Plaintiff which resulted in harm to Plaintiff, that harm being continued, the continued and unnecessary suffering of Plaintiff all resulting in the deprivation of Plaintiff's constitutionally protected rights.

35.     All Defendants knew and/or should have known that the above-described policies were in place for the protection of Plaintiff's rights and that All Defendants' actions and/or

inactions, by and through Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, as above-described, presented a substantial risk of, and in fact resulted in, severe harm, injury, suffering, debilitation and permanent damage to Plaintiff and All Defendants took such course of action/inaction, by and through Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, despite such knowledge.

36.     The conduct of All Defendants has been, and remains malicious and outrageous, and such that it shocks the conscience of the reasonable and ordinary person, warranting the imposition of punitive damages.

## COUNT I

### VIOLATION OF 42 U.S.C.A. SECTION 1983, U.S. CONSTITUTION - THE FOURTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION UNLAWFUL SEARCH AND SEIZURE AND EXCESSIVE FORCE

**Plaintiff Jason Hill v. All Defendants, Individually And In Their Official Capacities**

37.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though each were set forth at length herein.

38.     At all times material hereto, Plaintiff possessed a liberty interest to be free from unreasonable searches and seizures, including but not limited to the right to be free from unwarranted intrusion into his person absent probable cause or a proper search warrant based upon probable cause. Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer, by and through Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, violated Plaintiff's rights pursuant to the Fourth Amendment to the United States Constitution, as secured

by 42 U.S.C., Section 1983. All Defendants, by and through Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, lacked probable cause to believe a crime was being committed and no exigent circumstances existed to justify such an egregious attack upon Plaintiff's person.

39.     At all times material hereto, Plaintiff possessed a liberty interest to be free from unreasonable seizure, including but not limited to the right to be free from extreme, unwarranted, and unnecessary use of excessive force.  As a result of the actions taken against Plaintiff by Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer, by and through Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, Plaintiff's rights pursuant to the Fourth Amendment to the United States Constitution, as secured by 42 U.S.C., Section 1983, were violated.

40.     At all times material hereto, Plaintiff possessed a liberty interest in his bodily integrity which was, and is, protected by the Fourteenth Amendment to the Constitution of the United States, including but not limited to the right to be free from extreme, unwarranted, and unnecessary use of excessive force.  As a result of the actions taken against Plaintiff by Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer, by and through Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, Plaintiff's rights pursuant to the Fourteenth Amendment to the United States Constitution, as secured by 42 U.S.C. Section 1983, were violated.

41.     At all times material hereto, the actions of Defendants Borough of Doylestown, the

Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the

Plumstead Township Police Department, and Defendant Hasenauer, by and through Defendants

Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township

John Does, as above-described, constituted a willful disregard and/or reckless indifference to the

safety of individuals, and intentional conspiracy to maliciously, vengefully and with bias violate

Plaintiff's constitutional rights, by taking a course of conduct that included, but was not limited to,

the following:

     a.    the utilization of excessive force;

     b.    the excessive/inappropriate use of tasers and/or stun-guns;

     c.    improper documentation and reporting with regard to the use of excessive force;

     d.    improper documentation and reporting with regard to the use of tasers and/or stun-guns;

     e.    covering-up or attempting to hide and/or seclude the fact that  excessive force was used upon an individual;

     f.    covering-up or attempting to hide and/or seclude the fact that a taser or stun-gun was used upon an individual;

     g.    utilizing excessive and/or deadly force through malice;

     h.    utilizing unwise, excessive zeal, constituting an abuse of official power;

     i.    failing to have in place appropriate training on stun-gun use;

     j.    failing to enforce and/or regularly and intentionally disregarding the any and/or all of the above-described policies.

     42.    As a result of the actions of Defendants Borough of Doylestown, the Borough of

Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead

Township Police Department, and Defendant Hasenauer, by and through Defendants Sergeant

Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does,

Plaintiff has suffered severe and permanent injuries as set-forth *supra.*

    43.    As a result of the actions of Defendants Borough of Doylestown, the Borough of

Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead

Township Police Department, and Defendant Hasenauer, by and through Defendants Sergeant

Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does,

Plaintiff has been forced to expend and will continue to expend, large sums of money to care for

his injuries, which expenses will continue indefinitely into the future.

    44.    As a further result of the actions of Defendants Borough of Doylestown, the

Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the

Plumstead Township Police Department, and Defendant Hasenauer, by and through Defendants

Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township

John Does, the Plaintiff has suffered a severe loss of his earnings and impairment of his earning

capacity and power, all of which may continue indefinitely into the future.

    45.    As a further result of the actions of Defendants Borough of Doylestown, the

Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the

Plumstead Township Police Department, and Defendant Hasenauer, by and through Defendants

Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township

John Does, the Plaintiff has suffered severe physical pain and trauma, mental upset and anguish

and humiliation and may continue to suffer the same for an indefinite time into the future.

    46.    As a further result of the actions of Defendants Borough of Doylestown, the

Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the

Plumstead Township Police Department, and Defendant Hasenauer, by and through Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, the Plaintiff has suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

47. The action of the of Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer, by and through Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, under the color of state law, as more fully described herein above, deprived Plaintiff in his liberty interest in his bodily integrity in violation Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, as secured by 42 U.S.C., Section 1983.

48. As described herein, Defendants' acts or omissions were in willful, malicious wanton, reckless and/or callous disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## COUNT II

### VIOLATION OF 42 U.S.C.A. SECTION 1983, U.S. CONSTITUTION - THE FOURTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION BYSTANDER LIABILITY

**Plaintiff Jason Hill v. Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does**

49. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though the same were fully set forth at length herein.

50. Plaintiff Jason Hill believes and therefore avers that Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does stood

idly by while the Plaintiff was subjected to excessive force by Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, which deprived the Plaintiff of his constitutional rights and privileges under the Constitution of the United States and laws of the United States.

51.    Plaintiff believes and therefore avers that Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does encouraged and failed to prevent the assault and battery of the Plaintiff, which deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the United States.

52.    As aforesaid, Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does failed to fulfill their obligation to intervene when they had an independent and affirmative duty to prevent the assault and battery and excessive use of force against Plaintiff.

53.    By encouraging and failing to intervene, Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does effectively assisted Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does in the assault and battery and excessive use of force against Plaintiff, and thereby deprived the Plaintiff of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the United States.

54.    As a result of the actions of  Defendants Sergeant Kreuter, Officer Hotham,  Borough of Doylestown John Does, and Plumstead Township John Does , Plaintiff has suffered severe and permanent injuries as set-forth *supra*.

55.    As a result of the intentional actions/inactions of Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does , Plaintiff has been forced to expend and will continue to expend, large sums of money to care for his injuries, which expenses will continue indefinitely into the future.

56.    As a result of the intentional actions/inactions of Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does , the Plaintiff has suffered a severe loss of his earnings and impairment of his earning capacity and power, all of which may continue indefinitely into the future.

57.    As a result of the intentional actions/inactions of Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does , the Plaintiff has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

58.    As a result of the intentional actions/inactions of Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does , the Plaintiff has suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

59.    As described herein, Defendants' acts or omissions were in willful, malicious wanton, reckless and/or callous disregard of Plaintiff's  rights, thereby entitling Plaintiff to punitive damages.

## COUNT III

## VIOLATION OF 42 U.S.C.A. SECTION 1983, U.S. CONSTITUTION - THE FOURTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION FALSE ARREST AND FALSE IMPRISONMENT

**Plaintiff Jason Hill v. All Defendants, Individually And In Their Official Capacities**

60.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though  each were set forth at length herein.

61.     The acts of Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, in their individual capacities, as set-forth at length above, constitute false arrest and imprisonment of the Plaintiff, Jason Hill, without probable cause, without privilege and against Plaintiff's will, which deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the United States

62.      As a result of the intentional actions of Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, the Plaintiff has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

63.     As described herein, Defendants' acts or omissions were in willful, malicious wanton, reckless and/or callous disregard of Plaintiff's  rights, thereby entitling Plaintiff to punitive damages.

## COUNT IV

## VIOLATION OF 42 U.S.C.A. SECTION 1983, U.S. CONSTITUTION - THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION MONELL CLAIM

**Plaintiff Jason Hill v. All Defendants, Individually And In Their Official Capacities**

64.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though the same were fully set forth at length herein.

65.     At all times material hereto, Plaintiff Jason Hill possessed a liberty interest in his bodily integrity which was, and is, protected by the Fourteenth Amendment to the Constitution of

the United States, including but not limited to the right to be free from extreme, unwarranted, and unnecessary use of excessive force.  As a result of the actions and/or inactions of the Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer by maintaining a policy and practice of failing to inform and/or train their employees, agents, workmen, servants and/or contractors, including but not limited to Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, as set-forth at length above, Plaintiff's rights pursuant to the Fourteenth  Amendment to the United States Constitution, as secured by 42 U.S.C. Section 1983, were violated.

66.     Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer acted in willful disregard for, or deliberate indifference to, the safety of Plaintiff.

67.     Defendants Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer knew that its officers, employees and agents, including but not limited to Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, would confront similar situations as set-forth at length above, that a history of such employees mishandling of such situations exists, and these wrong choices by said officers, employees, and agents, frequently cause deprivation of constitutional rights.

68.     Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer did nothing on an on-going basis to ensure that their

officers complied with department, local, state, and federal rules and regulations, particularly those related to use of force and use of deadly force.

69.     Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer, by formulating**,** and/or acquiescing in the longstanding policies, customs or practices, as set-forth at length above, acted with deliberate or reckless indifference, callous disregard, or in such arbitrary manner so as to shock the conscience.

70.     Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer, violated Plaintiff's rights by failing to train, supervise and discipline its officers**,** including but not limited to Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, individually, and in their capacity as police officers, in the proper methods for dealing constitutionally with the proper use of force.

71.     Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer, by and through their employees, agents, workmen, servants and/or contractors, have a history of improper use of force and deadly force, resulting in the deprivation of constitutional rights of citizens similarly situated as to Plaintiff within the meaning of 42 U.S.C. §1983.

72.     Prior to the date of the incident involving Plaintiff, Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer permitted,

tolerated, ratified, overlooked and/or approved the constitutional violations of citizens by officers of its police department who were not properly trained, disciplined and/or supervised to appropriately interact with citizens without causing the deprivation of constitutional rights.

73.    Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer are responsible for the promulgation, adoption and implementation of official policies for its officers and police officers in general, including but not limited to Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, to appropriately interact with individuals without causing the deprivation of constitutional rights.

74.    Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer have encouraged, tolerated, ratified, and been deliberately indifferent to the following patterns, practices and customs, and to the need for more, different and adequate training, supervision, investigation or discipline in the areas, including but not limited to:

    a.    The proper exercise of police powers, including but not limited to the improper use of a taser and/or stun gun;

    b.    The failure to identify, investigate, and take remedial and/or disciplinary action and/or measures against police officers who were the subject of prior complaints of excessive force;

    c.    The failure of police officers to follow established policies, procedures, directives, and instructions regarding the use of force and other police powers under such circumstances as in the present case;

    d.    The failure to properly sanction or discipline officers, agents, employees who are aware of and/or conceal and/or aid and/or abet violations of constitution rights of individuals by police officers, thereby causing and encouraging police officers, including Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown

        John Does, and Plumstead Township John Does, to violate the rights of citizens such as Plaintiff;

e.     the practiced disregard of policies and procedures described *supra* in place to protect citizens from Constitutional violations, civil rights violations and due process violations.

75.     As a result of the actions/inactions of Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer, by and through Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, Plaintiff has suffered severe and permanent injuries as set-forth *supra.*

76.     As a result of the actions/inactions of Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer, by and through Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, Plaintiff has been forced to expend, and will continue to expend, large sums of money to care for his injuries, which expenses will continue indefinitely into the future.

77.     As a further result of the actions/inactions of Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer, by and through Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, Plaintiff has suffered a severe loss of his earnings and impairment of his earning capacity and power, all of which may continue indefinitely into the future.

78.     As a further result of the actions of Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer, by and through Defendants

Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, Plaintiff has suffered severe physical pain and trauma, mental upset and anguish and humiliation, and may continue to suffer the same for an indefinite time into the future.

79.     As a further result of the actions/inactions of Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer, by and through Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, Plaintiff has suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

80.     The actions/inactions of Defendants Borough of Doylestown, the Borough of Doylestown Police Department, Defendant Donnelly, Plumstead Township, the Plumstead Township Police Department, and Defendant Hasenauer, by and through Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, under the color of state law, as more fully described herein above, deprived Plaintiff of his liberty interest in his bodily integrity in violation of Plaintiff's rights pursuant to the Fourteenth Amendments to the United States Constitution, as secured by 42 U.S.C., Section 1983.

81.     As described herein, Defendants' acts or omissions were in willful, malicious wanton, reckless and/or callous disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## COUNT V

### ASSAULT, BATTERY, AND INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS UNDER PENNSYLVANIA LAW

**Plaintiff Jason Hill v. Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does**

82.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though each were set forth at length herein.

83.     The acts of Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, in their individual capacities, as set-forth at length above, constitute assault, battery, and intentional infliction of emotional distress, pursuant to the laws of the Commonwealth of Pennsylvania.

84.     Such assault, battery and intentional infliction of emotional distress was caused by Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does' willful disregard and/or reckless indifference to the safety of Plaintiff, as described *supra*, by taking a course of conduct that included, but was not limited to, the following:

    a.      the utilization of excessive force;

    b.      the inappropriate use of deadly force;

    c.      using deadly force upon an individual who was not an immediate threat;

    d.      utilizing excessive and/or deadly force through malice;

    e.      unwise, excessive zeal, constituting an abuse of official power.

85.     As a result of the intentional actions of Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, Plaintiff has suffered severe and permanent injuries as set-forth above.

86.     As a result of the intentional actions of Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, Plaintiff has suffered and continues to suffer severe and agonizing pain, which will continue throughout his lifetime.

87.     As a result of the intentional actions of Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, Plaintiff has

been forced to expend and will continue to expend, large sums of money to care for his injuries,

which expenses will continue indefinitely into the future.

88.     As a result of the intentional actions of Defendants Sergeant Kreuter, Officer

Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, the Plaintiff has

suffered a severe loss of his earnings and impairment of his earning capacity and power, all of

which may continue indefinitely into the future.

89.      As a result of the intentional actions of and Defendants Sergeant Kreuter, Officer

Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, the Plaintiff has

suffered severe physical pain and trauma, mental upset and anguish and humiliation and may

continue to suffer the same for an indefinite time into the future.

90.     As a result of the intentional actions of Defendants Sergeant Kreuter, Officer

Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, the Plaintiff has

suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue

indefinitely into the future.

91.     As described herein, Defendants' acts or omissions were in willful, malicious

wanton, reckless and/or callous disregard of Plaintiff's  rights, thereby entitling Plaintiff to punitive

damages.

## COUNT VI

## FALSE ARREST AND FALSE IMPRISONMENT UNDER PENNSYLVANIA LAW

**Plaintiff Jason Hill v. Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown
John Does, and Plumstead Township John Does**

92.     Plaintiff hereby incorporates by reference the preceding paragraphs of this

Complaint, as though  each were set forth at length herein.

93.     The acts of Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown

John Does, and Plumstead Township John Does, in their individual capacities, as set-forth at length above, constitute false arrest and imprisonment of the Plaintiff, Jason Hill, without probable cause, without privilege and against Plaintiff's will, in violation of Pennsylvania law.

94.    As a result of the intentional actions of Defendants Sergeant Kreuter, Officer Hotham, Borough of Doylestown John Does, and Plumstead Township John Does, the Plaintiff has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

95.    As described herein, Defendants' acts or omissions were in willful, malicious wanton, reckless and/or callous disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## COUNT VII

## LOSS OF CONSORTIUM UNDER PENNSYLVANIA LAW

### Plaintiff Elsa Hill v. All Defendants

96.    Plaintiff Elsa Hill hereby incorporates the preceding paragraphs of this Complaint as though each were fully set forth herein at length.

97.    Plaintiff Elsa Hill is the wife of Plaintiff Jason Hill

98.    As a direct and/or proximate result of the actions of All Defendants, as above-described, Plaintiff Elsa Hill has been and may continue to be deprived of the services, society, companionship and consortium of her husband, Jason Hill, all to her great detriment and loss as a result of the carelessness and negligence of Defendant as above described.

99.    As a direct and/or proximate result of the actions of All Defendants as above-described, Plaintiff Elsa Hill has been, and continues to be, required to carry forth personal care of her husband.

100.    As a direct and/or proximate result of the actions of All Defendants, as above-described, Plaintiff Elsa Hill was required to carry forth additional duties and responsibilities to the suffering of her personal requirements and pleasures.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial in this matter.

### REQUESTED RELIEF

WHEREFORE, Plaintiffs Jason and Elsa Hill respectfully pray that this Court award the following relief:

a.    Exercise jurisdiction over this matter;

b.    Award Plaintiffs damages, with statutory interest, that are necessary and proper to compensate them for their injuries and damages;

c.    Award Plaintiffs punitive damages;

d.    Declare unconstitutional and unlawful Defendants' violations of Plaintiff's rights;

e.    Award Plaintiffs their reasonable attorney fees and costs; and,

f.    Grant such other relief as the Court deems just, proper and equitable;

all of which is in excess of $150,000.00.

Respectfully submitted,

  s/   EAP2098_____
Edith A. Pearce, Esquire
Attorney for Plaintiff
The Pearce Law Firm, P.C.
1429 Walnut Street, 14th Floor
Philadelphia, PA   19102
(215) 557-8686