**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JASON HILL,** | : | |
| *Plaintiff*, | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **THE BOROUGH OF DOYLESTOWN et al.,** | : | **No. 14-2975** |
| *Defendants*. | : | |

PRATTER, J.                                                                APRIL 22, 2015

**MEMORANDUM**

**I.   INTRODUCTION**

Invoking Section 1983 of Title 42 of the United States Code, Jason Hill sues the Borough
of Doylestown, the Central Bucks Regional Police Department and its Chief of Police James
Donnelly, Plumstead Township, the Plumstead Township Police Department and its Chief of
Police Duane Hasenauer, Sergeant Paul Kreuter, and Officer Hotham,[1] and six unidentified
members of the Central Bucks Regional and Plumstead Township Police Departments ("John
Does 1-6") for alleged violations of the Fourth and Fourteenth Amendments, as well as the
commission of various torts under Pennsylvania law.[2]

Defendants move to dismiss (a) certain claims in Counts I and V, (b) the entirety of
Counts III, IV, VI, and VII, and (c) all claims against the Central Bucks Regional Police
Department, the Plumstead Police Department, Chief Donnelly, and Chief Hasenauer. Despite
the Court's repeated extension of the deadline for Mr. Hill to respond to the Partial Motion to
Dismiss (Docket No. 6), Mr. Hill has neither secured legal representation nor responded to the
Motion. Pursuant to the Court's Order of February 12, 2015, (Docket No. 17), the Court

---

[1] Officer Hotham's first name does not appear in the Complaint or in the pending Motion.
[2] Elsa Hill was originally a plaintiff in this case, but the Court granted Plaintiffs' Motion
to Amend the Complaint (Docket No. 7), by which all claims asserted by Ms. Hill were
withdrawn and she ceased being a plaintiff in this case.

considers the Motion unopposed.  For the reasons discussed below, the Court will grant in part and deny in part Defendants' Partial Motion to Dismiss.

## II.     ALLEGATIONS IN THE COMPLAINT[3]

According to the Complaint, on or about May 28, 2012, Mr. Hill was at the Farmhouse Tavern in Doylestown, Pennsylvania. Sergeant Kreuter, Officer Hotham, and one or more of the John Does shot Mr. Hill with a taser multiple times. They then handcuffed him, dragged him outside into the Tavern's parking lot, and began to beat him with their hands and feet. At that point, they took Mr. Hill into custody. Mr. Hill alleges that as a result of this incident, he suffered serious and potentially permanent injuries, including but not limited to head and neck trauma with concussion and post-concussion syndrome, right carpal tunnel syndrome, cervical sprain, puncture wounds to his back and abdomen resulting in scarring, pain from electrocution, and severe, pervasive psychological injuries that exacerbated underlying anxiety, sleeplessness, nightmares, night terrors, paranoia, and emotional distress.

Mr. Hill alleges that Defendants "had in place, and/or should have had in place," policies (a) barring the use of excessive force and/or the inappropriate use of tasers, (b) requiring that the use of excessive force and/or the use of tasers be reported and documented, (c) barring individuals from covering up the use of excessive force or the use of tasers, and (d) requiring that all persons participating in arrests on behalf of the Borough of Doylestown or Plumstead Township be trained in and abide by the policies of those municipalities. (Compl. ¶ 30). Mr. Hill further alleges that the Defendants "maintained a policy and practice of ignoring, disregarding, and/or violating, intentionally and/or negligently and/or with deliberate indifference for the rights of Plaintiff, the policies in place for the protection of persons being investigated and/or pursued

---

[3] When ruling on a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 509 n.1 (2002).

and/or arrested and/or detained and/or those similarly situated to Plaintiff, which resulted in harm to Plaintiff." (Compl. ¶ 32).

### III.   LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Although Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When deciding a Rule 12(b)(6) motion to dismiss, the Court generally looks to the facts alleged in the complaint and its attachments. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint, and all reasonable inferences that may be drawn from them, and view them in the light most favorable to the plaintiff. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). The Court "may disregard any legal conclusions" contained in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Indeed, the Court must disregard "naked assertions devoid of further factual enhancement" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (internal alterations omitted). In *Iqbal*, the

Supreme Court disregarded allegations that "petitioners knew of, condoned, and willfully and maliciously agreed to subject [respondent] to harsh conditions of confinement as a matter of policy, solely on account of [his] religion, race, and/or national origin" and that "[one defendant] was the principal architect of this invidious policy, and that [another defendant] was instrumental in adopting and executing it." *Id.* at 680-81 (internal quotation marks and citations omitted). The Supreme Court called those allegations "nothing more than a formulaic recitation of the elements of a constitutional discrimination claim," and dismissed those claims because they were conclusory. *Id.* at 681 (internal quotation marks omitted).

    **IV.**   D<small>ISCUSSION</small>

        A.    Claims Against the Central Bucks Regional Police Department and the Plumstead Township Police Department

Mr. Hill names the Central Bucks Regional Police Department and the Plumstead Township Police Department as defendants. However, "[i]n Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (quoting *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001)); *see also Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (treating a municipality and its police department "as a single entity for purposes of section 1983 liability"). Mr. Hill also has named the Borough of Doylestown and Plumstead Township as defendants, so the Court will dismiss any and all claims against the Central Bucks Regional Police Department and the Plumstead Township Police Department.

       B.       Claims Against the Borough of Doylestown and Plumstead Township

Mr. Hill also sues two municipalities—the Borough of Doylestown and Plumstead Township. Municipalities cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Instead, for Mr. Hill's claims against the municipalities to survive the motion to dismiss, he must demonstrate that the municipalities adopted policies or customs that caused the violation of his rights. *See Watson v. Abington Twp.*, 478 F.3d 144, 155-56 (3d Cir. 2007); *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). Mr. Hill must also allege that the municipalities' practices proximately caused the injuries he suffered, and proof of proximate causation requires that there be "an affirmative link between the policy and the particular constitutional violation alleged." *City of Okla. City v. Tuttle*, 471 U.S. 808, 823 (1985); *see Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). Therefore, to summarize, Mr. Hill states a claim against the municipalities under § 1983 if he alleges that (1) they had a policy or custom that deprived him of his constitutional rights; (2) they acted deliberately and were the moving force behind the deprivation; and (3) his injury was caused by the identified policy or custom. *See Stewart v. Moll*, 717 F. Supp. 2d 454, 464-65 (E.D. Pa. 2010).

Mr. Hill merely alleges that the municipality's failure to adopt three policies or customs led to the violations of his constitutional rights: (a) a policy requiring that the use of excessive force and/or the use of tasers be reported and documented, (b) a policy barring individuals from covering up the use of excessive force or the use of tasers, and (c) a policy requiring that all persons participating in arrests on behalf of the Borough of Doylestown or Plumstead Township be trained in and abide by the policies of those municipalities. The Court finds that those bare allegations are insufficient to survive the motion to dismiss because Mr. Hill's allegations are

conclusory and therefore not entitled to the assumption of truth. In essence, Mr. Hill alleges that the municipalities are liable because they did not have a policy telling the Defendants not to do what they did. This resembles the "naked assertions devoid of further factual enhancement" that the Supreme Court found insufficient in *Iqbal*. *See Iqbal*, 556 U.S. at 678 (internal alterations omitted). Because Mr. Hill includes no additional factual support for those allegations, his Complaint alleges only that the municipalities have adopted a custom or policy of permitting injuries of the sort that he suffered. This, without more, is not enough to survive a motion to dismiss. Because the Complaint lacks non-conclusory allegations sufficient to support claims against the municipal defendants under § 1983, the Court will dismiss any and all claims against the Borough of Doylestown and Plumstead Township.

Mr. Hill also alleges that the municipalities failed to train their employees to prevent them from using excessive force, and/or using tasers inappropriately. "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). To be actionable under § 1983, a failure to train must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact or are foreseeably likely to come into contact. *Id.* Again, the Court finds that Mr. Hill's allegation is nothing more than conclusory because, without any additional factual basis, it essentially claims that the municipalities failed to train their employees not to do what they did. As such, that allegation is insufficient to survive Defendants' motion to dismiss.

Moreover, even if Mr. Hill's allegations were not conclusory, they would be insufficient to establish a plausible inference that Mr. Hill's injuries were the result of the municipalities'

alleged policies, customs, or failures to train. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Here, Mr. Hill has done nothing more than allege facts demonstrating the possibility of misconduct, as opposed to showing that he is entitled to relief under *Monell*.

C.      Claims Against Chief Donnelly and Chief Hasenauer

Mr. Hill also names Chief Donnelly and Chief Hasenauer as defendants. As the Complaint contains no allegations that Chief Donnelly or Chief Hasenauer directly violated Mr. Hill's constitutional rights, the Court construes the Complaint to claim that Chief Donnelly and Chief Hasenauer are liable under § 1983 as supervisors. Supervisors may be held liable under § 1983 under two alternative theories. First, like municipalities, "[i]ndividuals who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). Second, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *Id.*

The Complaint contains no non-conclusory allegations that Chief Donnelly or Chief Hasenauer were either personally involved in or causally connected to the alleged deprivation of Mr. Hill's constitutional rights. To the extent Mr. Hill alleges that Chief Donnelly or Chief

7

Hasenauer were involved in a policy, practice, or custom of violating constitutional rights, the Court finds that these allegations too are merely conclusory and not entitled to the assumption of truth. Consequently, the Court will dismiss any and all claims against Chief Donnelly and Chief Hasenauer.

D.     Claims Under Fourth and Fourteenth Amendment (Counts I, III, and V)

The Fourth Amendment protects against unreasonable searches and unreasonable seizures. "To succeed on a Fourth Amendment claim, a plaintiff must show that the defendant's actions constituted a 'search' or 'seizure' within the meaning of the Fourth Amendment and were 'unreasonable' under the circumstances." *Verdier v. Borough*, 796 F. Supp. 2d 606, 619 (E.D. Pa. 2011). "Absent immunity or an adequate defense, a person who, acting under color of state law, directly and intentionally applies the means by which another is seized in violation of the Fourth Amendment can be held liable under § 1983." *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 272-72 (3d Cir. 2000).

In Count I, Mr. Hill alleges that the Defendants violated his rights under the Fourth and Fourteenth Amendments by using excessive force, improperly documenting the incident, and failing to require training on the use of tasers. Defendants move to dismiss Count I (except for the excessive force claim) and the Court will grant their motion. Mr. Hill's allegation that Defendants failed to properly document the incident is not a cognizable theory upon which he may be entitled to relief because failure to document a particular constitutional violation, without more, cannot *cause* that same constitutional violation. *See, e.g.*, *Connick*, 131 S. Ct. at 1360 n.7 ("[C]ontemporaneous or subsequent conduct cannot establish a pattern of violations that would provide notice to the city and the opportunity to conform to constitutional dictates." (internal citations, alterations, and quotation marks omitted)); *Bell v. O'Connor*, No. 12-2625, 2014 WL

8

6606410, at *6 (E.D. Pa. Nov. 20, 2014). Consequently, the violation of Mr. Hill's Fourth and Fourteenth Amendment rights were not caused by Defendants' alleged failure to document the violation. In addition, Mr. Hill's allegations regarding the Defendants' alleged failure to train are conclusory, and cannot survive the motion to dismiss. *See supra* Part IV.B. Without more information to substantiate his allegations, the Court must dismiss that aspect of Count I.

In Counts III and VI, Mr. Hill alleges that the Defendants subjected him to false arrest and false imprisonment in violation of both Pennsylvania law and the Fourth and Fourteenth Amendments. However, these claims are barred by Supreme Court's reasoning in *Heck v. Humphrey*, 512 U.S. 477 (1994).[4] In this case, Mr. Hill pled guilty to resisting arrest and disorderly conduct in connection with the incident on May 28, 2012.[5] Under *Heck*, that guilty plea has preclusive effect and Mr. Hill cannot now claim in this civil action that the officers arrested or imprisoned him falsely. There is nothing to suggest that Mr. Hill's conviction or sentence has been invalidated, so the Court finds that Counts III and VI of the Complaint are precluded by *Heck*.

---

[4] In *Heck*, the Supreme Court held that "a prisoner does not have a cognizable § 1983 claim, even if he or she does not seek relief from the fact or duration of confinement, for alleged unconstitutional conduct that would invalidate his or her underlying sentence or conviction unless that conviction has already been called into question." *Grier v. Klem*, 591 F.3d 672, 677 (3d Cir. 2010). After *Heck*, courts must conduct a two-step inquiry to evaluate a § 1983 claim: "first, [the Court must decide] whether the claim suggests the invalidity of an 'outstanding criminal judgment against the plaintiff'; second, *if* the claim does imply such invalidity, [the Court] must dismiss it *unless* the plaintiff can demonstrate 'that the conviction or sentence has already been invalidated.'" *Burke v. Twp. of Cheltenham*, 742 F. Supp. 2d 660, 669 (E.D. Pa. 2010) (quoting *Heck*, 512 U.S. at 487) (emphasis in original).

[5] Although the Court is generally prohibited from considering materials outside the pleadings at this stage of the litigation, it is permitted to consider matters of public record, which, apropos of this case, include "criminal case dispositions such as convictions or mistrials." *Pearson v. Tanner*, 870 F. Supp. 2d 380, 382 (E.D. Pa. 2012) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993)).

E.     Intentional Infliction of Emotional Distress (Count V)

In Count V, Mr. Hill asserts a claim against Sgt. Kreuter, Officer Hotham, and the John Does 1-6 for intentional infliction of emotional distress. "Under Pennsylvania law, a claim for intentional infliction of emotional distress requires a plaintiff to establish the following elements: '(1) the conduct must be extreme or outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe.'" *Rosembert v. Borough of E. Landsdowne*, 14 F. Supp. 3d 631, 645 (E.D. Pa. 2014) (quoting *Chuy v. Phila. Eagles Football Club*, 595 F.2d 125, 1273 (3d Cir. 1979)). To be actionable on a theory of intentional infliction of emotional distress, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988) (quoting *Buczek v. First Nat'l Bank of Mifflintown*, 531 A.2d 1122, 1125 (Pa. Super. Ct. 1987)). Additionally, Pennsylvania courts require plaintiffs asserting claims for intentional infliction of emotional distress to provide evidence of a physical injury caused by the defendant's conduct. *See Hart v. O'Malley*, 647 A.2d 542, 554 (Pa. Super. Ct. 1994).

The Complaint alleges sufficient facts to survive the motion to dismiss. The Defendants' alleged use of excessive force—including, according to the pleading, repeatedly shooting Mr. Hill with a taser, dragging him into the parking lot of the Farmhouse Tavern, and beating him while he was handcuffed—may, if true, constitute intentional, extreme, and outrageous conduct. Mr. Hill further alleges severe emotional distress, as well as physical injuries resulting from Defendants' conduct. Consequently, the motion will be denied as to Count V.

      F.     Count VII: Loss of Consortium

In a prior order, the Court dismissed any and all claims brought by Elsa Hill. (*See* Order, ECF No. 13). Count VII claims the Defendants are liable to Ms. Hill for loss of consortium. Consequently, the Court will dismiss Count VII.

### V.    CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' Partial Motion to Dismiss. All claims against the municipal defendants, the police departments, and the chiefs of police are dismissed, as are the entirety of Counts III, IV, VI, and VII. The only claims that remain are: (a) Count I alleging the use of excessive force against Sgt. Kreuter, Officer Hotham, and John Does 1-6, (b) Count II alleging "bystander liability" against Sgt. Kreuter, Officer Hotham, and John Does 1-6, and (c) Count V alleging assault, battery, and intentional infliction of emotional distress against Sgt. Kreuter, Officer Hotham, and John Does 1-6. An order consistent with this Memorandum accompanies it.

BY THE COURT:


/s/ GENE E.K. PRATTER
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE